FOIA Complaint Seeking United States Attorney Records 1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

AUG 0 8 2012

TONY R. MOORE, CLERK
BY _____
        DEPUTY

**COMPLAINT FOR INJUNCTIVE RELIEF**

Nature of Action

1. This is an action under the Freedom of Information Act, 5 U.S.C. § 552, and the Administrative Procedure Act, 5 U.S.C. § 701 et seq., for injunctive and other appropriate relief, and seeking the expedited processing and release of agency records requested by plaintiff from defendant Executive Office of the United States Attorney.

Jurisdiction and Venue

2. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B).

3. This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 701 et seq.

4. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B)

Parties

5. Plaintiff Grady P. Watson Jr., 56737-180, is an inmate at Oakdale Federal Correctional Complex, P.O. Box 5000, Oakdale, LA 71463.

(a) Grady P. Watson Jr., was the only defendant in Case No. WA:06-CR-094-(1) WSS, where all requested documents are part of.

6. Defendant Department of Justice is a Department of the Executive Branch of the United States Government. The DOJ is an agency within the meaning of 5 U.S.C. § 552(f).

7. Defendant Executive Office of the United States Attorney is a

component of the Department of Justice. The United States Attorney's Office is an agency within the meaning of 5 U.S.C. 552(f).

8. Defendant Eric Holder Jr., is Attorney General of the United States and heads the Department of Justice. This defendant is responsible for both DOJ and United States Attorneys compliance with the laws of the United States and regulations promulgated under such laws, including the laws and regulations at issue in this case.

<u>Defendants United States Attorney Records</u>

9. For the trial case no. WA:06-CR-094-(1) WSS, the United States Attorney's Office withheld documents from me that would have contradicted Police testimony and assisted me in my defense if I had them before trial. To this day, the United States Attorney's Office refuses to give them to me.

(a) (Doc. No. 1) List of documents requested.

(b) (Doc. No. 2) Explanation for needing documents.

(c) (Doc. Nos. 3-7) Court documents to support claims in 9(b).

<u>Plaintiff's FOIA Request and Responses</u>

10. FOIA request to the United States Attorney's Office

(a) By means of the Bureau of Prisons standardized Freedom of Information Act request form (Doc. No. 8). Provided by the law library at FCC Oakdale. I sent this FOIA to the United States Attorney's Office on September 2, 2010. This request arrived to the Executive Office for United States Attorney on October 25, 2010, and was given a processing number of 10-3719.

(b) I received a response to request number 10-3719 that was dated April 8, 2011. The response included some unusable documents with a denial for my specific documents saying they are sealed under 28 C.F.R. § 16.81 (Doc. No. 9).

2

11. I did not agree with the United States Attorney's Office that my records should be sealed from me under 28 U.S.C. § 16.81.

(a) I sent an appeal in accordance with 28 U.S.C. § 16.9 to the Office of Information Policy (Doc. No. 10). They received this on May 5, 2011 and gave it a processing number of AP-2011-01832. This time instead of just requesting documents, I explained why I wanted them. I had also realized that the BOP's standardized FOIA form is design for failure. They would not give my "whole" file the way the form requested. So I wrote, "even though I want the whole file, can I at least have the items of my specific request?"

(b) I receive Information of Policy's decision dated August 22, 2011 (Doc. No. 11). They denied my appeal agreeing with the United States Attorney's Office. I was also directed to file a lawsuit in Federal District Court in accordance with 5 U.S.C. § 552(a)(4)(B), if unsatisfied with their decision.

### Defendants Denial to Comply With Plaintiff's Entitlement to Expedited Processing

12. To date defendants refuse to surrender documents to the Plaintiff that were expressed in Plaintiff's Motion for Discovery (Doc. No. 7), before the trial on October 16, 2006. These items were subject to discovery under Fed. R. Crim. P. 16(a)(1)(c), as stated in Motion for Discovery. These documents very well could have changed the outcome of that trial.

13. Defendants continue to deny access to these records under 5 U.S.C. § 552 using 28 U.S.C. § 16.81, 5 U.S.C. § 552a(J)(2), 5 U.S.C. § 552(b)(3), (b)(5), (b)(7)(C), (b)(7)(D), (b)(7)(F).

(a) 28 U.S.C. § 16.81 is used to seal records by Attorney General if file is part of an open investigation.

1. (Doc. No. 12) Form USA207 "Notice to Close Legal Case File" was signed by Assistant United States Attorney (AUSA) on March 21, 2007, closing that file.

(b) 5 U.S.C. § 552a(J)(2) Material reporting investigative efforts pertaining to enforcement of criminal law including efforts to prevent, control or reduce crime or apprehend criminals. Except records of arrest.

    1. My case is closed. The records I have requested are not involved in any other case. They will not effect efforts to prevent, control or reduce crime, but they are a part of records of my arrest and conviction.

(c) 5 U.S.C. § 552(b)(3) Financial disclosure reports as pertain in this case to 5 U.S.C. App. 4 § 107.

    1. This one does not apply at all, I have not ask for any financial reports, nor want any.

(d) 5 U.S.C. § 552(b)(5) Inter agency communications.

    1. I don't think this applies to special request.

(e) 5 U.S.C. § 552(b)(7)(c) Unwarranted invasion of personal privacy of a third party.

    1. My requested document number seven is the only one that comes close to this one, other than my attorney, my wife and myself. There are two police officers who signed this document. I do want to know the officer's name that was present with Officer Dugger. Officer Dugger introduce him as his boss. This meeting was important and I want to know who all was there, I don't need addresses or telephone numbers.

(f) 5 U.S.C. § 552(b)(7)(D) Identities of confidential sources and information.

    1. Nothing of my special request ask about informants. The crime scene photos do show people, but none were informants and faces can be blurred.

    2. I already know all informants. They were Amber Garger, Tracy Owen, Joseph Ottley, and William McCorcle. I already know these people, I need nothing concerning any of them.

4

(g) 5 U.S.C. § 552(b)(7)(F) Be expected to endanger the life or personal safety of an individual.

1. I have not ask for anything about anyone except one police officer's name and evidence.

2. My Pre-Sentence Investigation (PSI) report reported, I was no danger.

3. I have not had any incident reports in prison. I am in no way any type of threat to anyone.

14. Plaintiff has exhausted the applicable administrative remedies.

15. Plaintiff is entitled to expedited processing of its FOIA request under the standards contained in defendants DOJ's regulations.

16. Defendants have wrongfully withheld the requested documents from Plaintiff.

## Claims for Relief

First Claim Violation of Fed. R. Crim. P. 16(a)(1)(c).

17. Plaintiff repeats and realleges paragraphs 1-16.

18. Defendants failure to provide documents prior to trial was in violation to Motion for Discovery and the Fed. R. Crim. P. 16(a)(1)(c) before trial. These documents could have changed the outcome of the trial.

Second Claim Violation of the FOIA - Failure to Grant Request for Records.

19. Plaintiff repeats and realleges paragraphs 1-16.

20. Defendant denial to provide records is in violation to FOIA under 5 U.S.C. § 552.

## Prayer

Plaintiff request that this Court:

A. Order defendants to immediately produce requested documents to the Court to be viewed in Camera by the judge presiding over this case.

1. Subpoena the complete file from a non-party state Agency (Central Texas Narcotics Task Force). The United States Attorney files orginated from this source and I believe this agency withheld parts of that file.

    a. The complete Central Texas Narcotics Task Force file belongs to Department of Justice since they turned that case over to Federal Jurisdiction from State for the purpose of prosecution.

    b. Central Texas Narcotics Task Force is subject to a discovery order for this case under "Person" of Fed. R. Civ. P. 45.

B. View all documents in light of Plaintiff's claims and determine that Plaintiff is justified in his claim to possess these documents.

C. Order the release of Plaintiff's requested documents and any findings or observations made by the court on any document present or missing.

D. If court suspects any illegal actions made in the prosecution of United States v. Grady Watson, please order an investigation.

Signed this 28 day of July, 2012.

Grady Paul Watson Jr.

Plaintiff

## VERIFICATION

STATE OF LOUISIANA    )
                      ) ss.
PARISH OF ALLEN       )

Grady Paul Watson Jr., being first duly sworn under oath, presents that he is the Plaintiff in this action; and that the information contained therein is true to the best of his knowledge and belief.

*/s/ Grady Paul Watson Jr.*
Grady Paul Watson Jr.

SUBSCRIBED AND SWORN TO BEFORE ME this 28th day of July, 2012.

*/s/ Larry 053496*
Notary Public

Willie Larry, Notary Public
# 053496
Allen Parish, Louisiana
My commission is for life.

