RECEIVED
SEP - 3 2013
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| GRADY P. WATSON, JR. | : | DOCKET NO. 12-2129 |
| VS. | : | JUDGE TRIMBLE |
| DEPARTMENT OF JUSTICE, ET AL | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the court is "Defendants' Motion for Summary Judgment" (R. #13) wherein defendants, United States Attorney General Eric Holder, the United States Department of Justice, and the Executive Office for the United States Attorneys ("EOUSA") move the court to enter summary judgment in their favor pursuant to Federal Rule of Civil Procedure 56 and dismiss with prejudice the instant lawsuit. Plaintiff opposes the motion.

## FACTUAL STATEMENT

In this lawsuit, plaintiff is seeking injunctive relief under the Freedom of Information Act ("FOIA/PA")[1] and the Privacy Act of 1974 ("PA").[2] Plaintiff is an inmate at Oakdale Federal Correctional Complex in Oakdale, Louisiana. He was convicted and sentenced to possession of child pornography.[3] In his complaint, he generally alleges that the EOUSA withheld documents from him that would have assisted his defense at trial. Plaintiff seeks to have this court order defendants to

---

[1] 5 U.S.C. § 552.

[2] 5 U.S.C. § 701 et seq.

[3] 18 U.S.C. § 2252.

produce said documents.

Plaintiff sent a request to the EOUSA; the letter sought plaintiff's own records that were allegedly maintained by the EOUSA/United States Attorney's Office for the Western District of Texas ("USAO/WDTX"), criminal case number WA:06-CR-00094(1)(WSS).[4] EOUSA notified plaintiff that his request had been received and further assigned FOIA No. 10-379 to the "Self/TXW" search.

Subsequently, EOUSA notified plaintiff that it had located records and after a review and determination, EOUSA sent 20 pages released in full ("RIF") and 6 pages with portions withheld ("RIP"). The EOUSA continued to withhold 41 pages in full ("WIF"), as well as grand jury material. The EOUSA notified plaintiff that it had applied FOIA exemptions 5 U.S.C. § 552 (b)(3) in conjunction with Federal Rule of Criminal Procedure 6(e), (b)(5), (b)(7)(C), (b)(7)(F) and PA exemption 5 U.S.C. § 552a(j)(2). The EOUSA referred certain records to the United States Postal Service ("USPS") to review and make a determination under the FOIA/PA.[5] Plaintiff was further informed that he had 60 days to file an appeal to the Office of Information and Privacy ("OIP") regarding EOUSA's actions.

After reviewing the EOUSA determinations, the OIP notified plaintiff that it was affirming the actions taken by the EOUSA. As to those specifically identified items "all documents entered into evidence at your trial, photocopies of the three computer discs used in evidence, a report from the lab regarding the discs," and "crime scene photos", the OIP informed plaintiff that it had preformed an adequate and reasonable search, but that such materials might be maintained by the

---

[4] The letter was received October 12, 2010.

[5] Privacy Act of 1974.

police department that arrested him or another Texas agency.[6] The OIP advised plaintiff to make inquiry with those agencies. The OIP further advised plaintiff that "with respect to the copies of evidence itself, . . . it appears that the evidence in your case may have been destroyed pursuant to court order."[7][8] The instant lawsuit seeks to have this court order the appropriate agencies to release to plaintiff documents that the EOUSA has determined are either exempt from disclosure or no longer exist as court records.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[9] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[10] A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[11] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-

---

[6] Defendant's exhibit F.

[7] Id.

[8] Defendants submit the docket sheet of plaintiff's criminal proceeding (R. #77-80) which demonstrates that some of the evidence admitted at trial has been destroyed. Defendants' exhibit G.

[9] Fed. R.Civ. P. 56(c).

[10] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

[11] Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999).

moving party's claim."[12] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[13] The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[14] There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[15] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."

## LAW AND ANALYSIS

The Freedom of Information Act ("FOIA") provides access to the citizenry of most forms of government records. Unless exempted by the Act, all documents are available to the public.[16] The burden of showing that the document falls within an FOIA exemption lies with the agency seeking to prevent the disclosure of a document.[17] In a FOIA case, a court "generally will grant an agency's motion for summary judgment only if the agency identifies the documents at issue and explains why they fall under exemptions.[18] The agency is not required to establish with certainty how

---

[12] Vera v. Tue, 73 F.3d 604, 607 (5th Cir. 1996).

[13] Anderson, 477 U.S. at 249.

[14] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

[15] Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

[16] McCorstin v. Dept. of Labor, 630 F.2d 242, 244 (5th Cir. 1980), citing Vaughn v. Rosen, 484 F.2d 820, 821 (D.C. Cir. 1973), cert. denied, 415 U.S. 977, 94 S.Ct. 1564 (1974).

[17] § 552 b(a)(4)(B).

[18] Batton v. Evers, 598 F.3d at 175 (5th Cir. 2010).

the release of information would interfere with law enforcement proceedings.[19] In analyzing the declarations submitted by the government, the agency is entitled to a "presumption of legitimacy" unless there is evidence of bad faith in handling the FOIA request.[20] However, this presumption does not relieve the withholding agency of its burden of proving that the factual information sought falls within the statutory exemption asserted.[21]

Summary judgment on the basis of an agency affidavit is warranted if the affidavit (1) describes the documents and the justifications for nondisclosure with reasonably specific detail, (2) demonstrates that the information withheld logically falls within the claimed exemption, and (3) is not controverted by either contrary evidence in the record or evidence of agency bad faith.[22]

EOUSA processes all requests made by individuals for records pertaining to themselves pursuant to FOIA and PA. Plaintiff's criminal case file is part of the DOJ Privacy Act System of Records. The Attorney General has promulgated rules that exempt certain records from the PA's access provisions.[23] The exemptions applied to plaintiff's request are as follows:

> (1) 5 U.S.C. § 552 a(j)(2) exempts from mandatory disclosure all records maintained by an agency or component performing as its principal function any activity pertaining to the enforcement of criminal laws.
> (2) 5 U.S.C. § 552 (b)(3) coupled with Federal Rule of Criminal Procedure 6(e) protects grand jury documents; it prohibits disclosure of information specifically

---

[19] Id.

[20] Batton, at 176.

[21] Id.

[22] Benavides v. United States Marshals Service, 990 F.2d 625, 1993 WL 117797 (5th Cir. 1993).

[23] 5 U.S.C. § 552 a(j)(2), which appears at 28 CFR § 16.81.

exempted from disclosure by the language of another statute.[24] Specifically, Rule 6(e) preserves the secrecy of grand jury material regardless of the form in which the material is substantively contained which encompasses the direct revelation of grand jury transcripts and the disclosure of information that would reveal the identities of witnesses or jurors, the substance of the testimony given before the grand jury, the strategy or direction of the investigation, the deliberations or questions of the grand jurors, and any other matter the disclosure of which would suggest a specific act, thought, or focus of the grand jury's deliberations.

    (3) 5 U.S.C. § 552(b)(5) protects disclosure of privileged documents which are not ordinarily available to a party in litigation. Specifically, attorney work product, deliberative process and attorney-client communications.

    (4) 5 U.S.C. § 552 (b)(7)(C) protects the release of records or information compiled for law enforcement purposes if such release could reasonably be expected to constitute an unwarranted invasion of personal privacy.

    (5) 5 U.S.C. § 552 (b)(7)(D) provides protection for "records or information compiled for law enforcement purposes [which] "could reasonably be expected to disclose the identity of a confidential source...."[25]

Plaintiff's complaint identifies records that were utilized by the government to obtain his conviction. Defendants submit the declaration of John Boseker, an Attorney Advisor in the Executive Office for United States Attorneys, United States Department of Justice. Mr. Boseker was assigned to the component of the EOUSA designated to administer the Freedom of Information Act and the Privacy Act of 1974.[26] Mr. Boseker's affidavit explains its logic as to each exemption applied to plaintiff's requests. Defendants submit that it performed a search that was reasonably expected to produce the information requested; plaintiff does not dispute this.

---

[24] For a statute to support withholding information under this exemption, the statute must either (A) require that the matters be withheld from the public without discretion, or (B) establish particular criteria for withholding or refers to particular types of matter to be withheld.

[25] Protected sources include a state or local agency or authority or any private institution that furnished material on a confidential basis during a law enforcement inquiry.

[26] Mr. Boseker was personally familiar with plaintiff's requests.

*Exemption 5 U.S.C. § 552 a(j)(2)*

The PA exempts from mandatory disclosure "...all records maintained by an agency or component performing as its principal function any activity pertaining to the enforcement of criminal laws." The EOUSA determined that the records generated in the context of plaintiff's prosecution, were necessarily compiled for law enforcement and thus not disclosable under the PA. Thus, it proceeded to determine if any of the records were disclosable under the FOIA. We find no error with the EOUSA's determination.

*Exemption 5 U.S.C. § 552 (b)(3)*

Exemption (b)(3) allows withholding of information prohibited from disclosure by another federal statute provided that one of two disjunctive requirements are met: "(A) requires that the matter be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld." Courts have held that a statute falls within the exemption's coverage if it satisfies either of its disjunctive requirements.[27] Ordinarily, federal rules of procedure, which are promulgated by the Supreme Court do not qualify for this exemption.[28] However, when a rule of procedure is subsequently modified and specifically enacted into law by Congress, it may qualify under the exemption.[29] Rule 6 of the Federal Rules of Criminal Procedure which regulates the disclosure of matters occurring before a grand jury, satisfies exemption (b)(3)'s statute requirement because it was

---

[27] Long v. IRS, 752 F.2d 1173, 1178 (9th Cir. 1984).

[28] Founding Church of Scientology v. Bell, 603 F.2d 945, 952 (D.C. Cir. 1979).

[29] See e.g, Fund for Constitutional Gov't v. Nat'l Archives & Records Serv., 656 F.2d 856, 867 (D.C. Cir. 1981).

specially amended by Congress.[30]

The EOUSA concluded that the grand jury records requested by plaintiff (Document 3 of the Vaughn index, p. 3)[31] fell within this category of records and thus exempted them from disclosure. Plaintiff has made no argument to dispute the authorities argued by defendant as to exemption 3. The court finds that the EOUSA properly exempted the grand jury transcripts from disclosure.

*Exemption 5 U.S.C. § 552(b)(5)*

Exemption (b)(5) protects "inter-agency or intra-agency memoranda or letters which would not be available by law to a party other than an agency in litigation with the agency. . . . " It protects from disclosure the attorney work product, staff opinions and recommendations that precede a final agency decision and that are part of the agency's deliberative process.[32] EOUSA applied this exemption to protect information pursuant to the attorney work product and deliberative process privileges by withholding in full Documents 7 and 9 in the *Vaughn* index. These documents include an AUSA-created prosecution memo regarding a child pornography case and correspondence to the government's expert witness describing legal analysis, theory of the case and tasks assigned to witnesses in anticipation of trial. Document 7 is an "AUSA Prosecution Memo" which was withheld as privileged attorney work product and deliberative process.[33] Document 9 is a "Letter from AUSA

---

[30] Id.

[31] R. #13-5. A *Vaughn* index is a routine device through which the defendant agency describes the responsive documents withheld or redacted and indicates why the exemptions claimed apply to the withheld material. Batton v. Evers, 598 F.3d 169, fn.1 (5th Cir. 2010).

[32] NLRB v. Sears Roebuck, 421 U.S. 132, 154-155, 159-160, 95 S.Ct. 1504, 1518, 1521 (1975).

[33] Exemption 5 U.S.C. § 552 (b)(7) was also applied to protect the name of a special state agent.

to Tech Support Witness (9/29/06)" described as a letter to an expert witness describing legal analysis and the theory of the case as well as special tasks sought of the witness to prove the case. EOUSA determined that exemption (b)(5) and (b)(7) applied to protect privileged substantive content of attorney work product and third party individuals.

*Exemption 5 U.S.C. § 552(b)(7)(C)*

Exemption (b)(7)(C) provides protection for law enforcement information the disclosure of which "could reasonably be expected to constitute an unwarranted invasion of personal privacy." It is intended to protect the privacy of any person mentioned in the requested files.[34] EOUSA applied this exemption to all of the documents withheld from plaintiff because the identities and personal information about third party individuals were inextricably intertwined with references to Watson and could not be segregated and disclosed without risking the disclosure of a protected source. EOUSA explains that this exemption was applied because all third party individuals have an interest in avoiding unwarranted invasions of their personal privacy.

*Exemption 5 U.S.C. § 552(b)(7)(D)*

Exemption (b)(7)(D) provides protection for "records or information compiled for law enforcement purposes [which] could reasonably be expected to disclose the identity of a confidential source... and, in the case of a record compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished only by the confidential source." EOUSA applied this exemption to protect confidential sources. Specifically, documents 10 and 11 are identified as a

---

[34] Fabiano v. McIntyre, 146 Fed. App'x 549, 550 (3d Cir. 2005); Rugiero v. DOJ, 257 F.3d 534, 552 (6th Cir. 2001).

"Report of Investigation (by Central Texas Narcotics Task Force)(9/15/05)" and "Report from NCMEC (National Center for Missing and Exploited Children)/CVIP ECU Technical Assistance Request (10/2/06)", respectively. Document 10 has attachments which includes witnesses and evidence provided to AUSA; the document also includes the following expressed confidentiality statement: "CRIMINAL LAW ENFORCEMENT SENSITIVE". "THIS REPORT IS THE PROPERTY OF THE CENTRAL TEXAS NARCOTICS TASK FORCE. NEITHER IT NOR ITS CONTENTS MAY BE DISSEMINATED OUTSIDE THE AGENCY TO WHICH IT IS LOANED." Document 11 is a report produced for the Office of Attorney General of Texas which was provided to the AUSA for use in prosecution. EOUSA applied exemption (b)(7) to protect third party individual names and identifiers from an invasion of personal privacy. The court finds no error in the application of this exemption.

Plaintiff has filed an "Additional Brief with Supporting Documents" to argue his request for documents. Plaintiff requests a copy of search warrants relying on Federal Rule of Criminal Procedure 41(f)(1)(C)[35] wherein he argues that not only does he have a right, but that he "MUST" be given a copy. Plaintiff seems to be requesting in this lawsuit that the undersigned order the DOJ to issue a letter to the effect that no search warrant was issued between May 19, 2006 and June 1, 2006 with respect to his arrest and the obvious seizure of property used to convict him. The instant lawsuit encompasses a grievance against the defendants for denying plaintiff's request for certain documents of the relevant agencies regarding his indictment, conviction and sentencing. The relief

---

[35] Rule of Criminal Procedure 41(f)(1)(C) provides as follows:
**Receipt.** The officer executing the warrant must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken or leave a copy of the warrant and receipt at the place where the officer took the property.

plaintiff is requesting cannot be granted in this Freedom of Information Act lawsuit. Furthermore, Rule 41 is not applicable to the exemptions applied to plaintiff's request for documents under the FOIA and PA.

Plaintiff requests a copy of a receipt for seized items from a September 15, 2005 search and seizure of his home which his wife signed. Plaintiff relies on Federal Rule of Criminal Procedure 41(f)(1)(c) in which he argues that he has a legal right to this request. Plaintiff's request is for a copy of documents that were part of his criminal record. As previously stated, Rule 41 is not applicable to the exemptions applied to plaintiff's request for documents under the FOIA and PA.

Plaintiff requests a copy of the "Chain of Evidence Log". Plaintiff concedes that he did get one copy of this document and therefore he is entitled to "all of them and in a sharp, vivid copy...." Based on the determination of the EOUSA, it appears that the evidence in plaintiff's criminal case was destroyed pursuant to court order. Accordingly, as advised by EOUSA, we suggest that plaintiff make this request to the appropriate Texas agency. Defendants cannot produce evidence that they no longer possess.

Plaintiff complains that he did not receive all of the photos he requested at trial pursuant to a motion for discovery.[36] Plaintiff argues that his motion for discovery at trial and Federal Rule of Criminal Procedure 16 grants him a legal right to said photos. Plaintiff's reliance on Federal Rule of Criminal Procedure 16 is misplaced. While he would be entitled to discovery and inspection at trial, Rule 16 is not applicable to a request for documents after the trial and pursuant to the FOIA and PA.

---

[36] Plaintiff remarks that he was given twenty-seven photos, but that was "not all of them." R. #17, p. 2 ¶ D.

Plaintiff requests the forensic report by Officer Dugger[37] and again relies on Rule 16. As previously stated, this Rule is not applicable to a request for document after the trial and pursuant to the FOIA and PA.

Plaintiff requests "[t]he handwriting on trial Exhibits 16, 17 and 18..."[38] As previously stated, based on the determination of the EOUSA, it appears that the evidence in plaintiff's criminal case was destroyed pursuant to court order.

Plaintiff requests a copy of an agreement[39] that was signed by two parties suggesting that he has a legal right to a copy. Plaintiff is referring to a meeting on September 28, 2005 at Central Texas Narcotics Task Force's Police Station. He states that the purpose of needing this document is to identify all who were present at that meeting. EOUSA determined that this document was exempted pursuant to 5 U.S.C. § (b)(7)(D), (b)(7)(C). Plaintiff cites no authority as to why the exemption applied by EOUSA should be overruled and this court is not aware of any said authorities. To the extent that plaintiff is requesting that the CTNTF produce the requested documents, FOIA is inapplicable to this third party. Therefore, this court lacks jurisdiction to provide the relief requested.[40] Moreover, the court finds that EOUSA properly exempted this document.

Plaintiff requests a copy of the forensic report issued by the child victim identification

---

[37] No. 5 of exhibit A.

[38] R. #17, p. 2, ¶ F.

[39] No. 7 of exhibit A attached to complaint. R. #1-2.

[40] See <u>Wells v. State Attorney Generals of Louisiana,</u> 469 Fed. App. 08, 2012 WL 975056 (5th Cir. 2012).

program at the National Center for Missing and Exploited Children.[41] EOUSA properly exempted this document under 5 U.S.C. § (b)(7)(D), and (b)(7)(C) to protect the confidentiality of information provided to the AUSA in the course of prosecution and to protect third party individual names and identifiers from unwarranted invasion of personal privacy.

Plaintiff requests a copy of the list of witnesses for the defense at his suppression hearing. As previously stated, based on the determination of the EOUSA, it appears that the evidence in plaintiff's criminal case was destroyed pursuant to court order.

Finally, plaintiff broadly requests "[a]ll other documents contained in the United States Attorney's file in Case No. WA:06-CR-094-(1). . . . For the reasons stated above, EOUSA properly denied plaintiff's request because either one of the aforementioned exemptions applied, and/or the evidence in plaintiff's criminal record was destroyed pursuant to court order.

## CONCLUSION

For the reasons set forth above, the court finds that summary judgment should be granted in defendants' favor and the instant complaint be dismissed with prejudice.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 3rd day of September, ~~August~~, 2013.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[41] No. 8 of exhibit A attached to complaint. R. #1-2.